IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C.P.C., # 292555, ) | |
| ) | |
|    Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | 2:21-CV-203-RAH-SRW |
| ) | [WO] |
| TERRY RAYBON, *et al.,* ) | |
| ) | |
|    Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner C.P.C., a state inmate at the William C. Holman Correctional Facility in Atmore, Alabama. Doc. 1. Petitioner challenges his convictions for first-degree rape and sexual abuse entered by the Circuit Court of Baldwin County in 2013. For the reasons that follow, the undersigned Magistrate Judge finds that Petitioner's § 2254 petition should be transferred to the United States District Court for the Southern District of Alabama.

**II. DISCUSSION**

Title 28 U.S.C. § 2241(d) provides:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, petitions for writ of habeas corpus under 28 U.S.C. § 2254 may be filed either in the federal district court for the district of the state court of conviction and sentencing, or the federal district court in the district of incarceration in that state. Although § 2241(d) has implications for venue, it primarily governs jurisdiction, as it states that "each of such district courts shall have concurrent *jurisdiction* to entertain the application." 28 U.S.C. § 2241(d) (emphasis added). *See Zenteno v. Gipson*, 2014 WL 1795175, at *1–2 (C.D. Cal. 2014); *Reyes v. Singer*, 2010 WL 680355, at *5 (N.D. Fla. 2010).

Petitioner was convicted of first-degree rape and sexual abuse in the Circuit Court of Baldwin County, and that court imposed the sentence he is now serving. Baldwin County is located within the federal judicial district of the United States District Court for the Southern District of Alabama. Petitioner is incarcerated at the William C. Holman Correctional Facility in Atmore, Alabama, which is in Escambia County, Alabama. Escambia County is located within the federal judicial district of the United States District Court for the Southern District of Alabama. Thus, under 28 U.S.C. § 2241(d), the United States District Court for the Southern District of Alabama—and only that court—has jurisdiction to entertain Petitioner's § 2254 petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. This court finds that it would be in

the interest of justice to transfer this case to the United States District Court for the Southern District of Alabama under § 1631.[1]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation by April 6, 2021. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent

---

[1] In recommending the transfer of Petitioner's petition, this court expresses no opinion on the merits of his claims.

all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

    DONE, on this the 22nd day of March, 2021.

                                                  /s/ Susan Russ Walker
                                                  Susan Russ Walker
                                                  United States Magistrate Judge