# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER P. CAPOCCI, AIS# 292555<br>   Petitioner,<br><br>v.<br><br>REOSHA BUTLER *et al.*,<br>   Respondents. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:21-00201-WS-N<br>)<br>)<br>) |

## **REPORT AND RECOMMENDATION**

Petitioner Christopher P. Capocci, an Alabama prisoner proceeding through retained counsel, initiated this action on March 9, 2021, by filing a petition for habeas corpus under 28 U.S.C. § 2254 attacking his conviction in state court (Doc. 1). Pursuant to the Court's prior order (Doc. 5), Capocci filed an amended § 2254 petition on August 25, 2021 (Doc. 8), which the undersigned deems his operative petition. The Court then ordered Capocci's petition to be served on Respondents (Doc. 9), who timely filed an Answer with attached exhibits of Capocci's prior proceedings (Doc. 13).

The assigned District Judge referred Capocci's amended petition and Respondents' Answer to the undersigned Magistrate Judge for appropriate action. (*See* S.D. Ala. GenLR 72(b); (8/26/2021 & 11/8/2021 electronic references). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

After reviewing Respondents' Answer and the attached record of prior proceedings, the Court noted that Capocci's amended § 2254 petition appeared to be an unauthorized second or successive habeas petition. Accordingly, the Court ordered Capocci to show cause why his petition should not be dismissed for lack of jurisdiction as an unauthorized second or successive § 2254 petition (Doc. 14). Capocci timely submitted a response. (Doc. 17).

I.    *Analysis*

**A. Second or Successive Motion**

Capocci previously filed a § 2254 petition in this Court on September 30, 2016. (*See* Doc. 13-1, PageID.58); (*see also* 1:16-cv-00507 PageID.9).[1] Magistrate Judge Milling recommended dismissal of the petition as procedurally barred. (1:16-cv-00507 PageID.938). On January 25, 2017, the Court adopted Judge Milling's Report and Recommendation (1:16-cv-00507 PageID.970) and dismissed the petition with prejudice (1:16-cv-00507 PageID.971). Capocci appealed (1:16-cv-00507 PageID.972), but the Eleventh Circuit declined to issue a certificate of appealability (1:16-cv-00507 PageID.1021). In his present amended § 2254 petition—filed on the Court's form—Capocci indicated that he previously filed a federal habeas petition attacking this conviction but neglected to include the case name and number. (*See* Doc. 8, PageID.16). More importantly, Capocci also failed to include any order from the

---

[1] The undersigned takes judicial notice of Capocci's first § 2254 petition filed in this district—*Capocci v. Stewart*, Case No. 1:16-cv-00507 (S.D. Ala. Sep. 30, 2016). *See United States v. Rey*, 811 F.2d 1453, 1457 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

United States Court of Appeals for the Eleventh Circuit authorizing a second habeas petition.

"Before presenting a second or successive petition, the moving petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition . . . ." Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Courts. "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (citing 28 U.S.C. § 2254(b)(3)(C)). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam); *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (per curiam) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without [the] authorization of the court of appeals.").[2]

In his response, Capocci argues that his present § 2254 petition "is not successive because the petition relates to claims of jurisdiction and constitutional violations and not ineffective assistance of counsel. Further, the issues of jurisdiction and constitutional violations were not raised in his original petition." (Doc. 17, PageID.388). However, Capocci fails to identify an intervening criminal judgment between his two federal habeas petitions necessary to avoid the bar on second or

---

[2] "[S]econd or successive status . . . attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014). Here, the Court dismissed Capocci's first § 2254 petition on the merits. (1:16-cv-00507 PageID.971).

3

successive petitions. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020). Capocci admits that the Court of Appeals for the Eleventh Circuit has not granted him leave to bring his present § 2254 petition (*See* Doc. 17, PageID.388). Without authorization from the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to consider the petition. Accordingly, Capocci's petition (Doc. 8) should be dismissed for lack of jurisdiction as an unauthorized second or successive § 2254 petition.

**B. Certificate of Appealability**

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2254 proceeding. Rule 11(a) of the Rules Governing § 2254 Proceedings. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

**C. Appeal *In Forma Pauperis***

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being

4

convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

As Capocci's present § 2254 petition is clearly due to be dismissed as an unauthorized second or successive motion, the undersigned **RECOMMENDS** the Court certify that any appeal by Capocci of the dismissal of the present § 2254 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal that decision *in forma pauperis*.[3]

## II. *Conclusion*

Capocci failed to get authorization to file his present second or successive § 2254 petition. Accordingly, the undersigned **RECOMMENDS** that Capocci's amended § 2254 petition (Doc. 8) be dismissed for lack of jurisdiction and that the Court find Capocci not entitled proceed *in forma pauperis* on appeal of that dismissal.

**DONE** this the 28th day of December 2021.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[3] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the movant may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.